# CIVIL RIGHTS COMPLAINT FORM
## FOR USE IN ACTIONS UNDER 42 U.S.C. § 1983
### IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_____ DIVISION

1. TYRONE ANTHONY SMITH ,
2. INMATE 115155  R-3 G-3 ,
3. _____ .

(Enter the full name of each plaintiff, plus inmate number (if applicable). Begin the name of each plaintiff on a new line. The entire name of each party should be in capital letters. Descriptive terms such as a party's title or job position should be in normal case.)

vs.

CASE NUMBER: 3:02cv13/RV/SMN  01-84937-CT-24
(To be assigned by Clerk)

1. Public Defender David Lokey ,
2. _____ ,
3. _____ ,
4. _____ .

(Enter the full name of each defendant in the same manner as above. If additional space is required, use the blank area directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

02 JAN 17 PM 2:40

SPS
FILED

I.  **PLAINTIFFS**:

State your <u>full name</u>, inmate number, and full mailing address in the lines below.  Include the name of the institution in which you are confined.  Do the same for any additional Plaintiffs:

(A) Plaintiff's name: _TYRONE H SMITH_
Plaintiff's inmate number: _115177_
Prison or jail: _JAIL_
Mailing address: _ESCAMBIA COUNTY JAIL K-3 G-S_
_PENSACOLA, FLORIDA 17789 38599_

II.  **DEFENDANTS**:

State the <u>full name</u> of the defendant, official position, mailing address, and place of employment.  Do the same for **every** defendant.

(1) Defendant's name: _DAVID LOKES_
Official position: _PUBLIC DEFENDER_
Mailing address: _190 GOVERNMENTAL CENTER_
Employed at: _PUBLIC DEFENDER OFFICE_

(2) Defendant's name: _____
Official position: _____
Mailing address: _____
Employed at: _____

(3) Defendant's name: _____
Official position: _____
Mailing address: _____
Employed at: _____

<u>ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS</u>

Revised 2/98                    2

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

NOTE: THE COURT WILL NOT ACCEPT THE COMPLAINT FOR FILING UNTIL PLAINTIFF(S) FILL OUT THE FOLLOWING REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES. UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 42 U.S.C. § 1997e (AS AMENDED), THIS COMPLAINT IS SUBJECT TO DISMISSAL IF THE CLAIMS PRESENTED HAVE NOT BEEN PROPERLY EXHAUSTED.

A. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?

Yes( )     No(✓)

[If your answer is YES, answer all the questions in this subsection. If your answer is NO, proceed to subsection III B.]

Exhaustion of administrative remedies pursuant to Fla. Admin. Code Chapter 33-29 is required prior to pursuing a civil rights action concerning events occurring within the Florida Department of Corrections. Any required grievances, appeals, and responses **must** be submitted to the Court to verify exhaustion. Each plaintiff must complete a separate Section III.

**EXHAUSTION STEPS REQUIRED:**

* Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance Involving Disciplinary Action.

    a. Formal Grievance to Superintendent or to the Office of Secretary (Form DC1-303)
    b. Appeal to the Office of Secretary (Form DC1-303)

* General Grievance

    a. Informal Grievance (Form DC3-005)
    b. Formal Grievance (Form DC1-303)
    c. Appeal to the Office of Secretary (Form DC1-303)

**EXHAUSTION STEPS TAKEN:**

1. Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance

Revised 2/97                                  3

Involving Disciplinary Action (these are requests for Administrative Remedy or Appeal, by-passing the informal grievance step).

    a. Did you submit your grievance directly to the Superintendent and/or to the Office of Secretary (Form DC1-303)?

       Yes( )        No(✓)

    b. If so, you must attach a copy of the grievance and response to this complaint form.

    c. Were you denied emergency status or otherwise required to first file an informal grievance?

       Yes( )        No(✓)

    d. Did you have a disciplinary hearing concerning this matter?

       Yes( )        No(✓)

    e. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this complaint form.

2. Informal Grievance (Request for Interview)

    a. Did you submit an informal grievance (Form DC3-005)?

       Yes( )        No(✓)

    b. If so, you must attach a copy of the grievance and response to this complaint form.

3. Formal Grievance (Request for Administrative Remedy or Appeal) N/]

    a. Did you submit a formal grievance (Form DC1-303)?

       Yes( )        No(✓)

    b. If so, you must attach a copy of the grievance and response to this complaint form.

4. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

    a. Did you submit an appeal to the Office of the

Secretary (Form DC1-303)?

Yes( )          No(✓)

b.  If so, you must attach a copy of the appeal and response to this complaint form.

B.  DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL?

Yes( )          No(✓)

If your answer is YES, answer the following questions.

1.  Is there a grievance procedure at your institution or jail?

Yes( )          No(✓)

2.  Did you present the facts relating to your complaint in the prison grievance procedure?

Yes( )          No(✓)

3.  If your answer is YES:

a.  What steps did you take?

b.  What were the results?

4.  If your answer is NO, explain why not: The People At The Jail Hous. Don't Care what happen to you.

IV. PREVIOUS LAWSUITS

NOTE: UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 28 U.S.C. § 1915 (AS AMENDED), NO PRISONER SHALL BRING A CIVIL ACTION OR APPEAL A JUDGMENT IN A CIVIL ACTION UNDER 28 U.S.C. § 1915 IF THE PRISONER HAS, ON 3 OR MORE PRIOR OCCASIONS, WHILE INCARCERATED OR DETAINED IN ANY FACILITY, BROUGHT AN ACTION OR APPEAL IN A COURT OF THE UNITED STATES THAT WAS DISMISSED ON THE GROUNDS THAT IT IS FRIVOLOUS, MALICIOUS, OR FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, UNLESS THE PRISONER IS UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY. THEREFORE, IT IS EXTREMELY IMPORTANT THAT THIS SECTION BE COMPLETED IN **THE MOST TRUTHFUL AND COMPLETE MANNER POSSIBLE**. FAILURE TO GIVE COMPLETE AND TRUTHFUL INFORMATION ABOUT PRIOR CASES CAN RESULT IN THE **DISMISSAL** OF THIS ACTION.

A.  Have you initiated other actions in **state** court dealing with the same or similar facts or issues as involved in this action?    Yes( )    No(✓)

   B.   Have you initiated other actions in **federal** court dealing with the same or <u>similar</u> facts or issues as involved in this action?   Yes( )   No(✓)

   C.   If your answer to either (A) or (B) is YES, describe each action in the space provided below. If there is more than one action, describe all additional actions on a separate piece of paper, using the same format as below.

      (1)   Parties to previous action:

          Plaintiff(s): *Tyrone X. Ashirim*
          Defendant(s): *David Lores*

      (2)   Court (if federal court, name the district; if state court, name the county): *Escambia County*

      (3)   Docket Number: *01249271-T2.7*

      (4)   Name of Judge: *Patricia Kinsey*

      (5)   Briefly describe the facts and basis of the action:

      (6)   Disposition (Was the case dismissed? If so, why? Did you appeal? What result?): *N/A*

      (7)   Approximate filing date: *1/15/02*

      (8)   Approximate disposition date: *N/A*

   D.   Have you initiated other actions (other than those listed in (A) or (B)) in state or federal court relating to the fact or manner of your imprisonment or the conditions of your imprisonment?   Yes( )   No(✓)

   E.   If your answer to (D) is YES, describe each action in the spaces below. Attach additional pages if necessary.

      (1)   Court (if federal court, name the district; if state, name the county): *Escambia County*

      (2)   Docket Number: *0124941-24*

      (3)   Parties to the previous action
          (a). Plaintiff(s): *Tyrone X. Ashirim*
          (b). Defendant(s): *David Lores*

      (4)   Basis of action: *This inmate is illegally*

      (5)   Is it still pending?   Yes( )   No(✓)

**V.   STATEMENT OF FACTS:**

Using numbered paragraphs, state as briefly as possible the **FACTS** of your case. Describe how each defendant was involved and what each did or did not do to give rise to your claim. Include the names of persons involved, dates, times, and places. State exactly what happened. **DO NOT make any legal arguments or cite any cases or statutes.** You may make copies of these pages and attach additional sheets of paper if needed:

Judge Lacey gave me a 1 year probation I violated it with a dirty urine so she reinstated my probation to a year suspended sentence in case number = 0184927CT2A I violated that probation with a new case. The case number for that case =11 is CF-004868 A.

What I'm trying to say is that they sentence me on my violation of probation first that was illegal because I was not sentence in case no: 004868 in 1/14/02.

They was suppose wait to find you innocent or guilty first on case number: 004868 before they would be allow to sentence me

They sentence me in the V.O.P. first making my sentencing illegal.

I am asking for my 11 months and 15 days sentence be terminated and be release from jail because she did away with the 1 year suspended sentence that I had 6 months in and gave me a fresh 11 months and 15 days credit ) its double jeopardy in case no. 0124927CT2A

## VI. STATEMENT OF CLAIM:

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim, and relate each claim to the facts in the complaint. If the claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

My attorney David Lores he new willing and intentionally that I was not suppose to get sentence until I got sentence on case no. 0048968

I had already did 60 days and it-it before in case no. 99727ET-1 And then I came back to jail in August ... on a battery charge case no. ...565 so that violated my probation so I got finger printed Sept 19, 2001 and I got sentence Jan 4, ... They did away with the 1 year suspended sentence and gave me 1 new 11 months and 15 days with a 1... day credit.

Mr. David Lores my attorney lie to me willingly and intentionally He told me that I would be getting out by February the 19, 2002, He lie to me I can't get out to June 23, 2002.

I am tired of doing the same sentence all over.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from this court. Do not make any legal arguments or cite any cases. You may, if you wish, cite statutes which authorize the relief requested, but need not do so.

I WOULD LIKE FOR MY 11 MONTHS AND 15 DAYS SENTENCE TO BE DISMISS AND ME RELEASE BECAUSE THEY HAD NO BUSSINESS SENTENCING ME ON CASE NO. 0124927ET9A BEFORE I WAS SENTENCE ON CASE NUMBER: 004868 MR DAVID LORES KNEW WHAT HIM AND JUDGE PATRICIA KINSEY WAS DOING WAS ILLEGAL.
THEY GAVE ME A HUNDRED AND EIGHT DAYS CREDIT, BUT THEY REALLY OWE ME A HUNDRED SIXTY EIGHT DAYS CREDIT. MY ATTORNEY USE ME BECAUSE I DID NOT UNDERSTAND

## VIII. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

Signed this __15__ day of __FEBRUARY__, __2002__

TYRONE ★ ANTHONY ★ SMITH
INMATE NUMBER 115177
R-3 G-8

(Signature(s) of Plaintiff(s))

TYRONE ★ SMITH
ESCAMBIA COUNTY JAIL G-3 G-8
PENSACOLA, FLORIDA 32502